ROGERS, J.
 

 Appellant was convicted and sentenced on an information charging him with selling for beverage purposes an intoxicating liquor called “choc beer.” Prior to arraignment, he called for a bill of particulars,
 
 *703
 
 in which, among other things, he asked to he informed of the quantity of liquor he was ■charged with selling. The state answered that it was four quarts. On the trial of the case, the prosecution was permitted to show, over defendant’s objection, the sale of four pints of beer. This testimony, objection, and ruling form the basis of appellant’s first bill of exception.
 

 Appellant contends that his objection should have been sustained because there is a variance between the allegation of the information and the proof. The rule, however, is to the contrary. It is stated in 33 C. J. § 467, p. 739, in these words, viz.:
 

 “An allegation in an indictment as to the quantity of liquor illegally sold need not be proved as laid, unless the quantity constitutes an essential element of the crime.”
 

 Under the provisions of the statute on which the information against defendant is based, the quantity of intoxicating liquor sold is immaterial. The gravamen of the offense is the sale of liquor, irrespective of the amount, prohibited by the legislative act.
 

 The appellant also contends that the bill •of information on which he was prosecuted is defective, because it was signed in blank by the district attorney, and afterwards filled in by an attorney at law who was his personal agent, and not an assistant district attorney nor a district attorney pro tempore appointed in accordance with law. This issue was raised in the court below by a motion for a new trial and by a motion in arrest of judgment, both of which were overruled and bills reserved.
 

 The information is signed by the district attorney, and is regular in form. Therefore it is not open to attack by the motion in arrest. In so far as the motion for a new trial is concerned, the alleged defect, if it is a defect, in the information was known, apparently, to defendant before he was put on trial. He makes no affirmative showing, in his motion, that such was not the case. He does not allege that neither he nor his attorney knew of the facts set forth therein concerning the signing and preparation of the information prior to his trial and conviction. The case was tried by the special prosecutor, and defendant made no objection thereto nor to the information. If objection had been timely made, it is undisputed that the alleged defect could have been remedied by the district attorney simply resigning the information after the charge had been filled in by his representative. In these circumstances, we think defendant’s objection to the information came too late.
 

 Eor the reasons assigned, the conviction and sentence appealed from are affirmed.